UNITED STATES of America,
Appellee,

v.

Lester WATSON, Defendant–Appellant.

No. 05–6148–cr.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2007.

Steven R. Kartagener, New York, NY, for Appellant.

Eric Snyder, Assistant United States Attorney (Jonathan S. Kolodner, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY., for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Lester Watson was convicted, following a jury trial, of conspiracy to distribute and to possess with the intent to distribute crack cocaine in violation of 21 U.S.C. § 846. The jury issued a special verdict finding that the charged conspiracy involved 50 grams or more of crack cocaine. Pursuant to the graduated penalty provisions of 21 U.S.C. § 841(b), the jury's drug quantity finding coupled with Watson's prior felony drug conviction subjected him to a mandatory statutory minimum sentence of 20 years' imprisonment. He was sentenced principally to 262 months' imprisonment, which he is now serving. On appeal, Watson argues that [1] the evidence was insufficient to support the jury's finding that the conspiracy involved 50 grams or more of crack cocaine; and [2] the district court erred under Federal Rule of Criminal Procedure 23(b)(3) by discharging a deliberating juror for less than good cause. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ [1] *Sufficiency of Drug Quantity Evidence.* In reviewing a sufficiency challenge, this Court "must view the evidence ... in the light most favorable to the government and credit every inference that could have been drawn in its favor." *United States v. Diaz,* 176 F.3d 52, 89 (2d Cir.1999). The government offered evidence sufficient for the jury to infer that the charged conspiracy involved at least 50 grams of crack cocaine, including: (i) 15 grams of crack Watson and his cousin sold when they were operating as partners; (ii) an unspecified amount of crack, estimated by Watson to be between 12 and 64 grams, and estimated by the government to be between 68 and 120 grams, that Watson and his associates supplied to his cousin when his cousin was selling on his own; (iii) 60 grams of crack purchased from Watson and his cousin by a former co-conspirator who testified at trial; and (iv) 5 grams of crack contained in a metal box recovered when Watson was arrested. Even by Watson's estimations, which the jury was entitled to reject, the evidence at trial was sufficient to support the jury's finding on drug quantity.

■ [2] *Good Cause Dismissal of Juror under Rule 23(b)(3).* Under Fed. R.Crim. Pro. 23(b)(3), a district court may permit a jury of 11 persons to return a verdict if the court finds "good cause to excuse a juror." Dismissal of a juror pursuant to Rule 23(b)(3) is reviewed for abuse of discretion. *See United States v. Gibson,* 135 F.3d 257, 259 (2d Cir.1998). On the first day of jury deliberations, a

juror came forward to confide her growing impression about the government's principal witness, Anthony Watson, who is Watson's cousin and former co-conspirator. The juror told the court that she believed Anthony was the same man who had raped the juror's 12–year–old daughter the previous summer, and had been identified at that time in a photo line-up, although never apprehended. She said that her suspicion about Anthony had been growing ever since he was examined during trial about an incident of statutory rape in his criminal history, and that as she sat in the jury room she came to realize that she "can't deal with it." During two emotional interviews conducted by the district court, the juror stated she was "seventy to eighty percent sure" that Anthony was the rapist and, as a result, would question Anthony's credibility in evaluating his testimony. The juror otherwise expressed no view of the case against Watson, and stated she had not revealed anything about her suspicions of Anthony to her fellow jurors.

Defense counsel sought to recess deliberations to conduct an investigation as to whether Anthony was in fact the accused rapist. The court denied this request because it would delay the trial for an indeterminate amount of time and because the court could not "be convinced that any assurance given to [the juror] at this point in time can so eliminate the expressions that she has expressed to us with regard to how she would be affected." The court dismissed the juror, finding that even if it were possible to resolve the issue of Anthony's resemblance to her daughter's rapist, it was clear the juror could no longer reliably limit her evaluation of the case to the record evidence.

The decision to remove the juror under these circumstances satisfied the "good cause" standard of Rule 23(b)(2) and was not an abuse of discretion. *See United States v. Ruggiero,* 928 F.2d 1289, 1300 (2d Cir.1991) (trial court properly dismissed juror who was "disabled by fear" after receiving what he thought was a threat from defendant); *United States v. Casamento,* 887 F.2d 1141, 1186–87 (2d Cir.1989) (trial court properly dismissed fearful juror after her daughter received a threatening phone call, where there was no evidence linking the call to defendants).

For the foregoing reasons, the judgment and order of the district court are hereby **AFFIRMED.**